UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IMMUNOMEDICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROGER WILLIAMS MEDICAL CENTER <br><br> Defendant. | Civil Action No.: 1:18-mc-91088 <br><br> [Related to *Immunomedics Inc. v. Roger Williams Medical Center, Richard P. Junghans, M.D., Ph.D., Steven C. Katz, M.D.*, pending in the District of New Jersey, Case No. 2:15cv04526-JLL-SCM] |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF IMMUNOMEDICS, INC.'S MOTION TO ENFORCE
SUBPOENAS SERVED ON THIRD PARTY TUFTS MEDICAL CENTER**

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT .................................................................................1

II.  RELEVANT FACTUAL BACKGROUND.........................................................3

A.   TMC's Connection to the Underlying Action. ...................................................3

B.   The Subpoenas and TMC's Failure to Honor Its Compliance Commitment.......................5

C.   The TMC Discovery Requests at Issue …………………………………………………..5

III. ARGUMENT ...........................................................................................................7

A.   In the Event This Court Does Not Transfer the Motion, It Should Order TMC to
     Produce Responsive Documents, a Privilege Log and a Witness for Deposition
     Within Two Weeks, at TMC's Cost. ...................................................................7

IV.  CONCLUSION.......................................................................................................10

# TABLE OF AUTHORITIES

**Page**

CASES

*Cabana v. Forcier,*

    200 F.R.D. 9 (D. Mass. 2001) ................................................................................8

*E4 Strategic Solutions, Inc. v. Pebble Ltd. P'Ship,*

    2015 WL 12746706 (C.D. Cal. Oct. 23, 2015) ......................................................9

*In re Motion to Quash Subpoena Issued to Non-Party JPMorgan Chase Bank, N.A.,*

    2017 WL 6623060 (S.D. Ind. Dec. 28, 2017) ......................................................9

*Youtoo Techs., LLC v. Twitter, Inc.,*

    2017 WL 431751 (N.D. Cal. Feb. 1, 2017) ..........................................................9

*Sacramona v. Bridgestone/Firestone, Inc.,*

    106 F.3d 444 (1st Cir. 1997) ...............................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 45(f) ..................................................................................................8

Pursuant to Rules 45(d)(2)(B)(i) and 45(f) of the Federal Rules of Civil Procedure, and

LR 37.1(b) and 40.4 of the Local Rules, Immunomedics, Inc. ("Immunomedics"), Plaintiff in an

action pending in the United States District Court for the District of New Jersey, styled

*Immunomedics, Inc. v. Roger Williams Medical Center, et al.*, Case No. 2:15cv04526-JLL-SCM

(the "Underlying Action"), moves this Court for an Order compelling third party Tufts Medical

Center ("TMC") to produce within two weeks, at its own cost: (1) documents and a privilege log

responsive to a subpoena *duces tecum* served on TMC on September 25, 2017 (the "Subpoena"),

and (2) a knowledgeable witness to testify at deposition as to the facts and circumstances relating

to TMC's purported inability to restore backup tapes that it previously agreed to restore and

review for information responsive to the Subpoena. Alternatively, Immunomedics respectfully

requests that the Court transfer this Motion to the Honorable Magistrate Judge Steven C.

Mannion of the United States District Court for the District of New Jersey, who is managing the

discovery process in the Underlying Action.

I.    **PRELIMINARY STATEMENT**

By way of background, Defendant Dr. Richard P. Junghans ("Dr. Junghans") was

employed by TMC from 2014-2017, during which time he executed a scheme to misappropriate

intellectual property belonging to Plaintiff Immunomedics, and was served with the Complaint

and document requests in the Underlying Action. Discovery in the Underlying Action revealed

that Dr. Junghans helped orchestrate the scheme using his TMC email account. Despite his

obligation to do so, Dr. Junghans failed to preserve, collect or conduct a reasonable search of his

TMC emails. As a result, Immunomedics was forced to serve on TMC subpoenas seeking

relevant documents and communications from Dr. Junghans' TMC email account, and testimony

from Tufts regarding the clinical research conducted by Dr. Junghans at TMC. Immunomedics

has agreed to stay enforcement of the deposition subpoena pending its review of responsive documents.

Through this Motion, Immunomedics respectfully requests that this Court enforce TMC's timely compliance with a commitment it made on November 22, 2017 to produce documents from Dr. Junghans' TMC email account so long as Immunomedics paid $21,000 to a vendor to facilitate data extraction and processing.  More than four months later, however, TMC has not produced a single document and refuses to say when it will.  Given TMC's refusal to honor its commitments in a timely manner, Immunomedics has no choice but to ask this Court to compel TMC to produce documents responsive to the Document Subpoena along with a privilege log within two weeks of the date of the Order.  Moreover, Immunomedics respectfully requests that the Court order TMC to produce for deposition a witness with knowledge of the facts and circumstances leading to its disclosure earlier today that it is unable to restore backup tapes that it previously agreed to restore and review for information responsive to the Subpoena.  In light of the delay and apparent spoliation of evidence, Immunomedics also requests that TMC be ordered to cover its own costs to comply with the Subpoena.

Alternatively, Immunomedics respectfully requests that this Motion be transferred to the District of New Jersey pursuant to Rule 45(f).  Magistrate Judge Mannion is familiar with the issues set forth herein and resolution of this issue by Judge Mannion will ensure discovery is completed within the schedule he has set and will ensure consistent rulings regarding, among other things, any documents withheld by TMC on the basis of a common interest privilege—an issue fully briefed and now pending before Judge Mannion.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    TMC's Connection to the Underlying Action

Immunomedics is a biopharmaceutical company located in Morris Plains, New Jersey that is focused primarily on the development of monoclonal antibody-based products for the targeted treatment of cancer, autoimmune diseases, and other serious diseases.[1]  In 1993, 2008, and 2010, Immunomedics entered into Material Transfer Agreements ("MTAs") to protect its interest in anti-CEA, MN-14 research material (the "Research Material").[2]  Roger Williams Medical Center ("RWMC") was a party to the 2008 and 2010 MTAs, and Dr. Junghans was a party to and identified as the "Principal Investigator" in all three MTAs.[3]  The MTAs did not convey ownership interest in the Research Material to either RWMC or Dr. Junghans;[4] instead, the MTAs allowed Dr. Junghans and his peers, including co-defendant Steven C. Katz, M.D. ("Dr. Katz"), to conduct experiments with the Research Materials, producing potential therapeutic agents ("Research Products").[5]  The MTAs did, however, contain numerous restrictions on the use of the Research Material and rights regarding the Research Products.[6]  For example, the MTAs required that Immunomedics be given the right of first refusal to any licensing of the Research Products (the "Right of First Refusal").[7]

Discovery in the Underlying Action has revealed that numerous contractual provisions in the MTAs were breached—including the Right of First Refusal—and that various torts were committed pursuant to a scheme between Dr. Junghans and his co-defendants to profit from the

---

[1] *See* March 2, 2018 Declaration of Rachel V. Stevens ("Stevens Decl."), Ex. 1 (Third Amended Complaint ("TAC")) at ¶ 20.
[2] *Id.* at ¶ 31.
[3] *Id.* at ¶¶ 32, 44, 53.
[4] *Id.* at ¶ 30.
[5] *Id.* at ¶¶ 2, 4, 5.  RWMC, Dr. Junghans, and Dr. Katz are the defendants in the Underlying Action (collectively referred to as "Defendants").
[6] *See generally* Stevens Decl., Ex 1, at ¶¶ 32-65.
[7] *Id.* at ¶¶ 39, 50, 62.

Research Materials and/or Research Products.[8]   Specifically, Dr. Junghans, along with several

other individuals, created two shell companies to serve as repositories for the Research Materials

and/or Research Products, CARgenix Holdings LLC ("CARgenix"), and BDL Products, Inc.

("BDL").[9]   Dr. Junghans transferred and/or sold the Research Material and/or Research Products

to CARgenix and BDL and those companies and their assets were subsequently sold to third

parties Sorrento Therapeutics, Inc. ("Sorrento") and TNK Therapeutics, Inc. ("TNK").[10]   As a

result, Immunomedics has asserted in the Underlying Action breach of contract claims against

RWMC and Dr. Junghans, conversion and unjust enrichment against RWMC, Dr. Katz, and Dr.

Junghans, and tortious interference against Dr. Katz.[11]

Dr. Junghans was employed by TMC from 2014 through 2017.[12]   During his employment

with TMC, Dr. Junghans orchestrated the scheme described above, was served with the

complaint in the Underlying Action, received Plaintiff's initial requests to produce documents,

and frequently used the email account issued to him by TMC.[13]   In violation of his discovery

obligations, however, Dr. Junghans never preserved, collected nor attempted to search his TMC

email account for responsive information.[14]   More recently, Dr. Junghans specifically told

Immunomedics to pursue non-party discovery from TMC as the only means by which the

relevant TMC emails could be discovered.[15]

---

[8] See generally id.
[9] Id. at ¶¶ 104-112.
[10] Id. at ¶¶ 109, 111.
[11] Id. at ¶¶ 126-142 (breach of contract); ¶¶ 143-156 (conversion); ¶¶ 167-172 (unjust
enrichment); ¶¶ 157-166 (tortious interference).
[12] Stevens Decl., Ex. 2.
[13] Id.
[14] See Stevens Decl., Ex. 3.
[15] Id.

**B.    The Subpoenas and TMC's Failure to Honor Its Compliance Commitment**

As a result of Dr. Junghans' discovery failures, Immunomedics was forced to serve the

Subpoena on his former employer, TMC, on September 25, 2017 seeking eleven (11) discrete

categories of documents:

1.    All emails from the account of Dr. Junghans
     (RJunghans@tuftsmedicalcenter.org) to:  (a) Henry Ji; (b) George Ng; (c)
     Steven Katz.

2.    All emails from the account of Dr. Junghans
     (RJunghans@tuftsmedicalcenter.org) related to:  (a) BDL; (b) CARgenix; (c)
     Immunomedics; (d) Sorrento; or (e) TNK.

3.    All communications and documents related to the CAR-T construct.

4.    All documents and communications that relate to any clinical trial performed at
     Tufts by Dr. Junghans with any CAR-T construct.

5.    Samples of each CAR-T construct that was used or developed by Dr. Junghans
     at Tufts.

6.    All documents and communications that refer to any Investigational New Drug
     Application filed by or on behalf of Dr. Junghans.

7.    All documents and communications that refer to any submission(s) made to the
     NIH by or on behalf of Dr. Junghans and any related responses by NIH.

8.    All documents and communications that refer to inspections of Dr. Junghans'
     laboratory by the FDA.

9.    All documents and communications relating to any IND filings made by Dr.
     Junghans.

10.    All documents and communications relating to any RAC submissions made by
      Dr. Junghans.

11.    All documents and communications relating to any IRB submissions by Dr.
      Junghans and related approvals.[16]

On October 6, 2017, TMC served blanket, boilerplate objections.[17]  Following weeks of

discussions, which are described in detail in the accompanying Declaration of Rachel V.

---

[16] Stevens Decl., Ex. 4.

Stevens,[18] TMC claimed to have searched for but found no documents responsive to Request Nos. 6 and 8-10 of the Subpoena.[19]  With respect to the remaining requests, TMC indicated that "responsive emails, if they exist, reside on backup tapes."[20]  Following further negotiations, TMC agreed to retrieve and search specific backup takes so long as Immunomedics agreed to reimburse TMC for the associated costs.[21]  Despite multiple increases in the estimated cost of the required work, on November 22, 2017, Immunomedics agreed to pay TMC's vendor, Iron Mountain, over $21,000 to extract and search twenty-three (23) back-up tapes spanning the time period most relevant to the Underlying Action.[22]

Following Immunomedics' agreement to pay Iron Mountain, TMC further delayed compliance with the Subpoena by quibbling about the "subject areas" of the search and whether TMC would have to pay costs associated with preparation of a privilege log, all the while maintaining its objection to the Subpoena.[23]  TMC also repeatedly failed to confirm that Iron Mountain had received the backup tapes and refused to provide even an estimated time for the completion of Iron Mountain's work.[24]  On December 18, 2017, counsel for TMC finally confirmed that Iron Mountain would "begin work asap," but it was not until February 8, 2018— after no less than six requests by Immunomedics for updates—that TMC actually confirmed that Iron Mountain had received the backup tapes.[25]  Then, on February 12, 2018, Immunomedics

---

[17] *Id.*, Ex. 5.
[18] *Id.* at ¶¶ 9-19.
[19] *Id.* at ¶ 9.
[20] *Id.*
[21] *Id.* at ¶¶ 10-11.
[22] *Id.* at ¶ 12.
[23] *Id.* at ¶ 13.
[24] *Id.* at ¶¶ 14-16.
[25] *Id.*; Exs. 13, 15.

learned that Iron Mountain "had technical hurdles related to restoring the tapes" due to encrypted data and the backup tapes would need to be sent back to TMC for restoration.[26]

Today, on March 5, 2018, TMC informed Immunomedics that some of TMC's back-up tapes contained data that TMC could not restore.[27]  Immunomedics immediately requested all facts and circumstances related to TMC's spoliation of discoverable data, and noted that it had expressed concerns regarding TMC's processes for ensuring data integrity as early as January 30, 2018, which TMC dismissed out of hand.[28]  TMC denied that any discoverable data had been lost, and accused Immunomedics of "harass[ing] a non-party, non-profit" by raising such concerns.[29]  Over five months have lapsed since TMC was initially served with the Document Subpoena, and at least two months since Iron Mountain received the back-up tapes, with no useful update as to TMC's progress or when Immunomedics can expect the production.[30]  As of the time of this filing, TMC has not responded to Immunomedics' request for, at a minimum, a date by which responsive documents will be produced.

## III.   ARGUMENT

### A.   In the Event This Court Does Not Transfer the Motion, It Should Order TMC to Produce Responsive Documents, a Privilege Log and a Witness for Deposition Within Two Weeks, at TMC's Cost

More than four months ago, TMC agreed to produce documents responsive to the Document Subpoena and a privilege log.[31]  Immunomedics agreed to foot some of the costs. Thus the only dispute was <u>when</u> TMC would comply.  As discussed above, after five months of discussions, TMC has yet to provide a date certain by which documents would be produced and

---

[26] *Id.* at ¶ 17; Ex. 16.
[27] *Id.* at ¶ 18.
[28] *Id.*
[29] *Id.*
[30] *Id.* at ¶ 19.
[31] *See* Stevens Decl. at ¶¶ 12-15.

a privilege log provided, and has only today informed Immunomedics that some undisclosed

number of the back-up tapes containing relevant evidence could not be restored. Thus

Immunomedics has no choice but to seek an Order from the Court compelling TMC to produce

all responsive documents, a privilege log and a witness for deposition within two weeks of an

Order granting the relief sought. Under the circumstances, TMC should be directed to cover all

costs associated with compliance with the Subpoenas, notwithstanding Immunomedics' prior

agreement to do so. *See Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001) (granting motion

to compel and awarding costs where non-movant's behavior "constitute[d] the kind of frivolous

delay of discovery that Rule 37 was designed to prevent."); *Sacramona v. Bridgestone/Firestone,*

*Inc.*, 106 F.3d 444, 447 (1st Cir. 1997) (concluding that sanctions may be awarded where

"evidence is mishandled through carelessness, and the other side is prejudiced."). In the

alternative, this Court should transfer this Motion to the District of New Jersey pursuant to FRCP

45(f).

Federal Rule of Civil Procedure 45(f) states that "[w]hen the court where compliance is

required did not issue the subpoena, it may transfer a motion under this rule to the issuing court

if the person subject to the subpoena consents or if the court finds exceptional circumstances."

TMC did not respond to Immunomedics' request that it consent to have this dispute heard in the

District of New Jersey.[32] Even so, this Court may still transfer this dispute upon a finding of

exceptional circumstances, which are present here.

The Advisory Committee Notes to the 2013 Amendment to Rule 45(f) provide the

following guidance as to what constitutes "exceptional circumstances":

> The prime concern should be avoiding burdens on local nonparties
> subject to subpoenas, and it should not be assumed that the issuing

---

[32] *See* Stevens Decl. at ¶ 16; Ex.15.

court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

Moreover, Courts have transferred disputes where, as here, consolidation of this Motion before Magistrate Judge Mannion will ensure consistent rulings with respect to both the timely completion of third party discovery and the basis for any documents withheld from production on an alleged common interest. *See, e.g., In re Motion to Quash Subpoena Issued to Non-Party JPMorgan Chase Bank, N.A.*, 2017 WL 6623060, at *2 (S.D. Ind. Dec. 28, 2017) (granting motion to transfer) (quoting *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017) ("[t]he Seventh Circuit Court of Appeals has explained that by allowing for transfers, Rule 45(f) allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals") (internal quotations omitted); *see also E4 Strategic Solutions, Inc. v. Pebble Ltd. P'Ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (granting motion to transfer and noting that courts consider "a number of factors relating to the underlying litigation including . . . 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'") (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The decision "whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required." *Youtoo Techs., LLC v. Twitter, Inc.*, 2017 WL 431751, at *1 (N.D. Cal. Feb. 1, 2017).

"Exceptional circumstances" exist here to warrant transferring this motion to the District of New Jersey. Magistrate Judge Mannion is in the best position to address the substantive and scheduling issues raised in this Motion. All discovery disputes in the Underlying Actions have been referred to him, and, in addition to being familiar with the claims and defenses at issue, Magistrate Judge Mannion is aware of Dr. Junghans' discovery failures that resulted in Immunomedics filing the Subpoenas, and will be well-positioned to address any spoliations claims. Additionally, Immunomedics has filed a motion to compel production of documents from Dr. Junghans withheld on the basis of an alleged common interest which will raise issue similar to those raised by the instant motion should TMC assert a common interest privilege with respect to any of the documents in has agreed to produce and log. Resolution of this Motions by Magistrate Judge Mannion will eliminate the possibility of any inconsistent rulings, especially important since documents produced by TMC will be documents from Defendant Dr. Junghans' TMC email account. Indeed, one court already has transferred a similar motion to Judge Mannion.[33] Finally, Magistrate Judge Mannion has expressed on numerous occasions the Court's requirement that all outstanding discovery be completed expeditiously and allowing him to consider the merits of this Motion will ensure the most efficient resolution for all parties.

## IV.    CONCLUSION

For the foregoing reasons, Immunomedics respectfully requests the following relief:

1. An Order compelling TMC to

   a. produce documents responsive to the Subpoena and a privilege within two weeks of the date of the Order; and

---

[33] *See Immunomedics, Inc. v. Roger Williams Medical Center, et al.*, Case No. 3:17-mc-80150-EDL (N.D. Cal.), at Dkt. No. 13.

b.   produce for deposition a knowledgeable witness to testify as to the facts
     and circumstances relating to TMC's purported inability to restore
     backup tapes that it previously agreed to restore and review for
     information responsive to the Subpoena.

2.   In the alternative, an Order transferring this Motion to the District of New
     Jersey pursuant to Federal Rule of Civil Procedure 45(f); and

3.   An award of Immunomedics' reasonable costs, including attorneys' fees, and
     such other relief the Court deems just and appropriate.

Respectfully submitted,


/s/ Miles D. Norton
Miles D. Norton (BBO #670225)
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
T:  617.406.6070
miles.norton@dlapiper.com

Dated: March 5, 2018

Michael D. Hynes
Rachel V. Stevens
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
T:  212.335.4942
michael.hynes@dlapiper.com

*Attorneys for Immunomedics, Inc.*

## CERTIFICATE OF SERVICE

I, Miles D. Norton, hereby certify that, on March 5, 2018, a true copy of the foregoing document filed through the ECF system will be sent by email and overnight delivery to counsel for Tufts Medical Center at the following address:

Attn: Rebecca Briggs
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI 02903-2319
rbriggs@hinckleyallen.com

_____
Miles D. Norton